IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEN UNZA CLEMONS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:23-cv-02810-E (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Federal prisoner Ben Unza Clemons filed a document in his criminal case entitled "Illegally in Custody." *See United States v. Ben Unza Clemons*, No. 3:21-cr-267-E (01). Because Clemons contests the execution of his sentence, the Court construed his filing as an application for federal habeas relief pursuant to 28 U.S.C. § 2241 and opened this civil action. But Clemons's petition is not on the Court-approved form for § 2241 petitions and he failed to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* (IFP). Accordingly, the Court issued an initial notice of deficiency and order (NOD) on January 12, 2024, directing Clemons to correct these deficiencies by February 9, 2024. ECF No. 5. The NOD specified that Clemons's failure to comply could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Clemons did not comply with the initial NOD or respond to it. However, Clemons changed prisons. Therefore, the Court resent the NOD to him at his new facility and extended his time to comply until March 22, 2024. ECF No. 7. But

Clemons still has not complied with the NOD, sought an extension to comply with it, or otherwise responded to it, and the time to do so has passed.[1]

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

---

[1] The Court received an email from Clemons's daughter who claims to be "reaching out" on his behalf. ECF No. 8. She expresses concern with how the BOP is calculating Clemons's sentence and asks for "clarity," but she does not contend that Clemons is unable comply with the NOD. Further, Clemons's daughter's does not purport to be an attorney. She therefore cannot act on Clemons's behalf in relation to his habeas application. *See, e.g.*, *Walton v. Parkland Hosp.*, 2010 WL 4053550, at *1 (N.D. Tex. Sept. 20, 2010) ("Individuals who do not have a law license may not represent other parties in federal court.") (citing *Webster v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970)); *see also Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 210 (5th Cir. 2016) ("While '[i]t is axiomatic that an individual may proceed *pro se* in civil actions in federal court, *see* 28 U.S.C. § 1654, . . . it is equally certain that those not licensed to practice law may not represent the legal interests of others.").

Clemons's failures to pay the filing fee or file an application to proceed IFP and to file an amended § 2241 petition on the Court-approved form prevent this case from proceeding and amount to a failure to prosecute. Thus, this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to follow court orders and failure to prosecute. *See*, *e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020).

## Recommendation

The Court should dismiss Clemons's case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders.

SO RECOMMENDED.

Dated April 22, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).